UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

INTELLECTUAL VENTURES I LLC AND
INTELLECTUAL VENTURES II LLC

                Plaintiffs,

      v.                          13 Civ.

HSBC USA INC. AND HSBC BANK USA,
NATIONAL ASSOCIATION,

                Defendants.

- - - - - - - - - - - - - - - - - -x

## COMPLAINT AND JURY DEMAND

Plaintiffs, Intellectual Ventures I LLC ("Intellectual Ventures I") and Intellectual Ventures II LLC ("Intellectual Ventures II") for their complaint against defendants HSBC USA Inc. ("HSBC USA") and HSBC Bank USA, National Association ("HSBC Bank") seeking damages and other relief for patent infringement, allege as follows:

### THE PARTIES

1. Intellectual Ventures I is a Delaware limited liability company having its principal place of business at 3150 139th Avenue SE, Bellevue, Washington 98005.

2. Intellectual Ventures II is a Delaware limited liability company having its principal place of business at 3150 139th Avenue SE, Bellevue, Washington 98005.

3. Upon information and belief, HSBC USA is a Maryland corporation with its principal place of business at 452 Fifth Avenue, New York, New York 10018.

4. Upon information and belief, HSBC Bank is a National Banking Association with its principal executive offices at 452 Fifth Avenue, New York, New York 10018. Upon information and belief, HSBC Bank is an indirect wholly-owned subsidiary of HSBC USA.

5. HSBC Bank and HSBC USA will be referred to collectively as "Defendants" or "HSBC."

6. HSBC provides online banking services and other systems and services via electronic means including, but not limited to, the website www.us.hsbc.com. In connection with these online banking services and other systems and services, HSBC infringes one or more claims of U.S. Patent No. 7,664,701 ("the '701 Patent"), U.S. Patent No. 7,603,382 ("the '382 Patent"), U.S. Patent No. 6,182,894 ("the '894 Patent"), U.S. Patent No. 8,083,137 ("the '137 Patent"), and U.S. Patent No. 7,260,587 ("the '587 Patent").

JURISDICTION AND VENUE

7. This is a civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 et. seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has general personal jurisdiction over Defendants under N.Y. CPLR § 301 because they have their headquarters and do substantial and continuous business in this state. This Court has long-arm jurisdiction over Defendants pursuant to N.Y. CPLR § 302 because they have committed acts within this state giving rise to this action and have established minimum contacts within this state such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Defendants have conducted business in this district, have provided services to their customers within this district, and have committed acts of patent infringement within this district giving rise to this action.

INTELLECTUAL VENTURES AND THE PATENTS-IN-SUIT

10. Intellectual Ventures Management, LLC ("Intellectual Ventures") was founded in 2000. Since its founding, Intellectual Ventures has been deeply involved in the business of invention. Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop and patent inventions; and acquires and licenses patents from individual inventors, universities, and other institutions. A significant aspect of Intellectual

Ventures' business is managing the Plaintiffs in this case, Intellectual Ventures I and Intellectual Ventures II.

11. Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them. Through this business, Intellectual Ventures enables inventors to reap a financial reward from their innovations, which is frequently difficult for individual inventors to do. To date, Intellectual Ventures has purchased more than 70,000 assets and, in the process, has paid individual inventors hundreds of millions of dollars for their inventions. Intellectual Ventures, in turn, has earned more than $3 billion by licensing these patents to some of the world's most innovative and successful technology companies who continue to use them to make computer equipment, software, semiconductor devices, and a host of other products.

12. Intellectual Ventures also creates inventions. Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures invests millions of dollars developing such ideas and files hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world. Intellectual Ventures

has also invested in laboratory facilities to assist with the development and testing of new ideas.

13. Intellectual Ventures also creates inventions by collaborating with inventors and research institutions around the world. For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications that result from the ideas. Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 4,000 inventors worldwide.

14. On February 16, 2010, the '701 Patent, titled "Masking Private Billing Data By Assigning Other Billing Data To Use In Commerce With Businesses," was duly and lawfully issued by the PTO. A copy of the '701 Patent is attached as Exhibit A.

15. On October 13, 2009, the '382 Patent, titled "Advanced Internet Interface Providing User Display Access of Customized Webpages," was duly and lawfully issued by the PTO. A copy of the '382 Patent is attached as Exhibit B.

16. On February 2, 2001, the '894 Patent, titled "Systems And Methods For Authorizing A Transaction Card," was duly and

lawfully issued by the PTO. A copy of the '894 Patent is attached as Exhibit C.

17. On December 27, 2011, the '137 Patent, titled "Administration of Financial Accounts," was duly and lawfully issued by the PTO. A copy of the '137 Patent is attached as Exhibit D.

18. On August 21, 2007, the '587 Patent, titled "Method for Organizing Digital Images," was duly and lawfully issued by the PTO. A copy of the '587 Patent is attached as Exhibit E.

19. Intellectual Ventures I is the owner and assignee of all right, title and interest in and to the '701 Patent, the '382 Patent, and the '137 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

20. Intellectual Ventures II is the owner and assignee of all right, title and interest in and to the '894 Patent and the '587 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

Count I

INFRINGEMENT OF U.S. PATENT NO. 7,664,701

21. Paragraphs 1-20 are incorporated by reference as if fully set forth herein.

22. Intellectual Ventures I is informed and believes, and thereon alleges, that HSBC has directly infringed and continues

6

to directly infringe, literally and/or under the doctrine of equivalents, at least claim 5 of the '701 Patent by making, using, providing, offering to sell and/or selling its online Bill Pay system/service.

23. Intellectual Ventures I is informed and believes, and thereon alleges, that HSBC also has and continues to indirectly infringe at least claim 5 of the '701 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of its online Bill Pay system/service in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures I is informed and believes, and thereon alleges, that HSBC has actively induced and continues to induce the infringement of at least claim 5 of the '701 Patent at least by actively inducing the use of its online Bill Pay system/service by third party users in the United States. Intellectual Ventures I is informed and believes, and thereon alleges, that HSBC knew, or was willfully blind to the fact, that its conduct would induce others to use the online Bill Pay system/service in a manner that infringes the '701 Patent. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '701 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system/service. Intellectual Ventures I is informed

and believes, and thereon alleges, that HSBC through at least its website at www.us.hsbc.com actively induced its customers to infringe the '701 Patent.

24. Intellectual Ventures I is informed and believes, and thereon alleges, that HSBC has contributorily infringed and continues to contributorily infringe at least claim 5 of the '701 Patent by providing, selling, or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '701 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

25. Intellectual Ventures I has provided written notice via letter to HSBC of its infringement of at least claim 5 of the '701 Patent. HSBC will also have written notice of its infringement by virtue of the filing and service of this Complaint.

26. Intellectual Ventures I has suffered damages as a result of Defendants' infringement of the '701 Patent in an amount to be proven at trial.

COUNT II

INFRINGEMENT OF U.S. PATENT NO. 7,603,382

27. Paragraphs 1-26 are reincorporated by reference as if set forth fully herein.

28. Intellectual Ventures I is informed and believes, and thereon alleges, that HSBC has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '382 Patent by making, using, providing, offering to sell, and/or selling its Business Internet Banking services.

29. Intellectual Ventures I is informed and believes, and thereon alleges, that HSBC also has and continues to indirectly infringe at least claim 1 of the '382 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of its Business Internet Banking services in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures I is informed and believes, and thereon alleges, that HSBC has actively induced and continues to induce the infringement of at least claim 1 of the '382 Patent at least by actively inducing the use of its Business Internet Banking services by third party users in the United States. Intellectual Ventures I is informed and believes, and thereon alleges, that HSBC knew, or was willfully blind to the fact, that its conduct would induce others to use

the Business Internet Banking services in a manner that infringes the '382 Patent. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '382 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system/service. Intellectual Ventures I is informed and believes, and thereon alleges, that HSBC through at least its website at www.us.hsbc.com actively induced its customers to infringe the '382 Patent.

30. Intellectual Ventures I is informed and believes, and thereon alleges, that HSBC has contributorily infringed and continues to contributorily infringe at least claim 1 of the '382 Patent by providing, selling, or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '382 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

31. Intellectual Ventures I has provided written notice via letter to HSBC of its infringement of at least claim 1 of the '382 Patent. HSBC will also have written notice of its

infringement by virtue of the filing and service of this Complaint.

32. Intellectual Ventures I has suffered damages as a result of Defendants' infringement of the '382 Patent in an amount to be proven at trial.

Count III

Infringement of U.S. Patent No. 6,182,894

33. Paragraphs 1-32 are reincorporated by reference as if set forth fully herein.

34. Intellectual Ventures II is informed and believes, and thereon alleges, that HSBC has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 18 of the '894 Patent by making, using, providing, offering to sell, and/or selling its HSBC Debit MasterCard product/service.

35. Intellectual Ventures II is informed and believes, and thereon alleges, that HSBC also has and continues to indirectly infringe at least claim 18 of the '894 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of its HSBC Debit MasterCard product/service in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures II is informed and believes, and thereon alleges, that HSBC has actively induced and continues to induce the infringement of at

least claim 18 of the '894 Patent at least by actively inducing the use of its HSBC Debit MasterCard product/service by third party users in the United States. Intellectual Ventures II is informed and believes, and thereon alleges, that HSBC knew or, was willfully blind to the fact, that its conduct would induce others to use HSBC Debit MasterCard product/service in a manner that infringes the '894 Patent. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '894 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system/service. Intellectual Ventures II is informed and believes, and thereon alleges, that HSBC through at least the website at www.us.hsbc.com actively induced its customers to infringe the '894 Patent.

36. Intellectual Ventures II is informed and believes, and thereon alleges, that HSBC has contributorily infringed and continues to contributorily infringe at least claim 18 of the '894 Patent by providing, selling, or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have

infringed and will continue to infringe the '894 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

37. Intellectual Ventures II has provided written notice via letter to HSBC of its infringement of at least claim 18 of the '894 Patent. HSBC will also have written notice of its infringement by virtue of the filing and service of this Complaint.

38. Intellectual Ventures II has suffered damages as a result of Defendants' infringement of the '894 Patent in an amount to be proven at trial.

Count IV

INFRINGEMENT OF U.S. PATENT NO. 8,083,137

39. Paragraphs 1-38 are reincorporated by reference as if set forth fully herein.

40. Intellectual Ventures I is informed and believes, and thereon alleges, that HSBC has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 12 of the '137 Patent by making, using, providing, offering to sell and/or selling its HSBC EasyView system/service.

41. Intellectual Ventures I is informed and believes, and thereon alleges, that HSBC also has and continues to indirectly infringe at least claim 12 of the '137 Patent by inducing others to infringe and/or contributing to the infringement of others,

13

including third party users of its EasyView system/service in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures I is informed and believes, and thereon alleges, that HSBC has actively induced and continues to induce the infringement of at least claim 12 of the '137 Patent at least by actively inducing the use of its EasyView system/service by third party users in the United States. Intellectual Ventures I is informed and believes, and thereon alleges, that HSBC knew, or was willfully blind to the fact, that its conduct would induce others to use the EasyView system/service in a manner that infringes the '137 Patent. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '137 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system/service. Intellectual Ventures I is informed and believes, and thereon alleges, that HSBC through at least the website at www.us.hsbc.com actively induced its customers to infringe the '137 Patent.

42. Intellectual Ventures I is informed and believes, and thereon alleges, that HSBC has contributorily infringed and continues to contributorily infringe at least claim 12 of the '137 Patent by providing, selling, or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not

14

staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '137 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

43. Intellectual Ventures I has provided written notice via letter to HSBC of its infringement of at least claim 12 of the '137 Patent. HSBC will also have written notice of its infringement by virtue of the filing and service of this Complaint.

44. Intellectual Ventures I has suffered damages as a result of Defendants' infringement of the '137 Patent in an amount to be proven at trial.

Count V

INFRINGEMENT OF U.S. PATENT NO. 7,260,587

45. Paragraphs 1-44 are reincorporated by reference as if set forth fully herein.

46. Intellectual Ventures II is informed and believes, and thereon alleges, that HSBC has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 18 of the '587 Patent by using, providing, offering to sell and/or selling its ATM banking system/service.

47.  Intellectual Ventures II is informed and believes, and thereon alleges, that HSBC also has and continues to indirectly infringe at least claim 18 of the '587 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of its ATM banking system/service in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures II is informed and believes, and thereon alleges, that HSBC has actively induced and continues to induce the infringement of at least claim 18 of the '587 Patent at least by actively inducing the use of its ATM banking system/service by third party users in the United States. Intellectual Ventures II is informed and believes, and thereon alleges, that HSBC knew or, was willfully blind to the fact, that its conduct would induce others to use the ATM banking system/service in a manner that infringes the '587 Patent. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '587 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system/service. Intellectual Ventures II is informed and believes, and thereon alleges, that HSBC through at least its website at www.us.hsbc.com actively induced its customers to infringe the '587 Patent.

16

48. Intellectual Ventures II is informed and believes, and thereon alleges, that HSBC has contributorily infringed and continues to contributorily infringe at least claim 18 of the '587 Patent by providing, selling, or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '587 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

49. Intellectual Ventures II has provided written notice via letter to HSBC of its infringement of at least claim 18 of the '587 Patent. HSBC will also have written notice of its infringement by virtue of the filing and service of this Complaint.

50. Intellectual Ventures II has suffered damages as a result of Defendants' infringement of the '587 Patent in an amount to be proven at trial.

PRAYER FOR RELIEF

WHEREFORE, Intellectual Ventures I and Intellectual Ventures II, respectfully pray that this Court:

A. Enter judgment in favor of Intellectual Ventures I that HSBC USA and HSBC Bank have infringed the '701 Patent;

B. Enter judgment in favor of Intellectual Ventures I that HSBC USA and HSBC Bank have infringed the '382 Patent;

C. Enter judgment in favor of Intellectual Ventures II that HSBC USA and HSBC Bank have infringed the '894 Patent;

D. Enter judgment in favor of Intellectual Ventures I that HSBC USA and HSBC Bank have infringed '137 Patent;

E. Enter judgment in favor of Intellectual Ventures II that HSBC USA and HSBC Bank have infringed '587 Patent;

F. Enter Judgment that Intellectual Ventures I be awarded damages adequate to compensate it for HSBC USA's and HSBC Bank's past infringement and any continuing or future infringement of the '701 Patent, the '382 Patent, and the '137 Patent up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate

Intellectual Ventures I for HSBC USA's and HSBC Bank's infringement, an accounting;

G. Enter Judgment that Intellectual Ventures II be awarded damages adequate to compensate it for HSBC USA's and HSBC Bank's past infringement and any continuing or future infringement of the '894 Patent and the '587 Patent up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements and, if necessary to adequately compensate Intellectual Ventures II for HSBC USA's and HSBC Bank's infringement, an accounting;

H. Enter Judgment that Intellectual Ventures I be awarded attorneys' fees, costs, and expenses incurred in prosecuting this action;

I. Enter Judgment that Intellectual Ventures II be awarded attorneys' fees, costs, and expenses incurred in prosecuting this action; and

J. Order that Intellectual Ventures I and Intellectual Ventures II be granted such other, different, and additional relief as the Court deems equitable and proper under the circumstances.

<u>DEMAND FOR A JURY TRIAL</u>

Intellectual Ventures I and Intellectual Ventures II demand trial by jury as to all issues so triable in this civil action.

Dated:  New York, New York
        August 1, 2013

                      DUNNEGAN & SCILEPPI LLC

                      By _/s/ William Dunnegan_
                        William Dunnegan (WD9316)
                        wd@dunnegan.com
                        Benjamin D. Liebowitz (BL1723)
                        bl@dunnegan.com
                    350 Fifth Avenue
                    New York, New York 10118
                    (212) 332-8300

                          -and-

                    FEINBERG DAY ALBERTI & THOMPSON LLP
                      Ian Feinberg
                      ifeinberg@feinday.com
                      Elizabeth Day
                      eday@feinday.com
                      David Alberti
                      dalberti@feinday.com
                  1600 El Camino Real, Suite 280
                  Menlo Park, CA 94025
                  (650) 618-4360

                  (*pro hac vice* applications to be filed)

                  Attorneys for Plaintiffs